IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER COLE-GRICE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-01287-STA-jay |
| | ) |
| **FANNIE MAE and** | ) |
| **NATIONSTAR MORTGAGE, LLC** | ) |
| **d/b/a MR. COOPER** | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING EX PARTE EMERGENCY MOTION FOR STAY AND/OR INJUNCTIVE RELIEF**

Before the Court is Plaintiff Jennifer Cole-Grice's *Ex Parte* Emergency Motion for Stay and/or Injunctive Relief (ECF No. 45.) filed on March 1, 2021.  Plaintiff seeks a preliminary injunction or a temporary restraining order "to stop lower court action pending resolution of this case, restraining all action of the lower trial court and order a stay on the current eviction that is occurring as we speak."  For the following reasons, the Court is constrained to deny Plaintiff's Motion.

First, the Court finds that Plaintiff's *ex parte* motion is inappropriate at this juncture.  The only type of injunctive relief that a district court may issue *ex parte* is a temporary restraining order.  *See* Fed.R.Civ.P. 65(b). However:

> [a] temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse

1

> party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

*Id.* "[T]he Rule 65(b) restrictions 'on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.' " *Reed v. Cleveland Bd. of Educ.,* 581 F.2d 570, 573 (6th Cir.1978) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 439, 94 S.Ct. 1113, 1124, 39 L.Ed.2d 435 (1974)); *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993)

Here, Plaintiff represents, without particularity, that she is being evicted from her property which is the subject of this litigation, although Plaintiff fails to specify the property in question. She also requests that all action of a "lower trial court" be restrained pending the resolution of this case, but does not specify which court she is referring to, what action should be enjoined, or what authority this Court has to enjoin the actions of a, presumably, non-federal court. Additionally, Plaintiff has failed to present an affidavit or verified complaint containing "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to [her] before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). Most significantly, Plaintiff fails to certify what efforts, if any, she has made to give notice of her Motion to Defendant's counsel or to provide reasons supporting the claim that notice should not be required. She is therefore not entitled to a TRO. The Court also may not issue an *ex parte* preliminary injunction under these circumstances. Fed. Rules Civ. Proc. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." *See Phillips v. Chas. Schreiner Bank,* 894 F.2d 127, 130–31 (5th Cir.1990) ("[t]he courts consistently have

treated rule 65(a)(1) as mandatory and have not hesitated to dissolve preliminary injunctions issued without notice or the opportunity for a hearing on disputed questions of fact and law.")

Plaintiff's status as a *pro se* litigant does not excuse her from these procedural requirements. *Pro se* litigants "are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir .1991). However, a *pro se* litigant is not entitled to special consideration with respect to straightforward procedural requirements that a lay person can comprehend as easily as a lawyer. *Id.* at 109-10. *See Mooney v. Cleveland Clinic Foundation,* 184 F.R.D. 588, 590 (N.D.Ohio 1999) ("*Pro se* litigants are required to follow the rules of civil procedure and easily-understood Court deadlines").

Accordingly, Plaintiff's *Ex Parte* Emergency Motion for Stay and/or Injunctive Relief is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: March 4, 2021.