IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

| | |
|---|---|
| JENNIFER COLE-GRICE, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
| VS. | )   No. 1:19-cv-01287-STA-jay |
| | ) |
| FANNIE MAE, NATIONSTAR | ) |
| MORTGAGE LLC d/b/a MR. COOPER | ) |
| And JP MORGAN CHASE BANK, N.A., | ) |
| | ) |
|   Defendants. | ) |

_____

REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY
_____

Before the Court is Defendants Federal National Mortgage Association's ("Fannie Mae") and Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Nationstar") (collectively "Defendants") Motion for Summary Judgment and accompanying memorandum. (Docket Entry ("D.E.") 52 & 53.) Plaintiff Jennifer Cole-Grice ("Plaintiff") initiated this action by filing a *pro se* Complaint in the Circuit Court of Madison County, Tennessee. (D.E. 1-1.) On December 6, 2019, Defendants removed this action to this Court. (D.E. 1.) Because this action was initially filed by a *pro se* Plaintiff, all pretrial matters have been referred to the undersigned Magistrate Judge for determination and/or report and recommendation. (Admin. Order 2013-05.) The Magistrate Judge requested supplemental briefing from Defendants on January 11, 2022. (D.E. 63.) Defendants filed supplemental briefing on January 25, 2022, and Plaintiff responded on January 31, 2022. (D.E. 67 & 68.) Additionally, Plaintiff filed a motion for leave to file a sur-reply. (D.E. 60.) For

1

the reasons set forth below, the undersigned recommends Defendants' motion be **DENIED** and Plaintiff's motion be **DENIED**.

## I. PROPOSED UNDISPUTED FINGINGS OF FACT

Plaintiff did not file any response to Defendants' Statement of Undisputed Material Fact. Local Rule 56.1(b) requires such a response, and Local Rule 56.1(d) provides that failure to do so "within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment." Accordingly, it is **RECOMMENDED** that Defendant's Statement of Material Fact be deemed as undisputed for purposes of summary judgment. The undisputed findings of fact are set forth below:

Plaintiff claims to be the record owner of real property located at 181 Adair Road, Jackson, Tennessee, 38305 ("Property"). (Def.'s Stat. of Undisputed Facts, D.E. 54.) This Property is subject to a Note executed by Jennings Cole on July 26, 2008, in the amount of $54,400.00 payable to JP Morgan Chase Bank, N.A. (*Id.*) The Note is secured by the Property pursuant to a Deed of Trust executed by Jennings Cole and his wife, Emma Cole. (*Id.*) The Deed of Trust provides, in pertinent part:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.

(*Id.*) JP Morgan Chase Bank, N.A. transferred servicing of the mortgage loan on the Property ("Loan") to Seterus, Inc. ("Seterus") on March 1, 2015. (*Id.*) Seterus then transferred servicing of the Loan to Nationstar on March 1, 2019. (*Id.*) Jennings and Emma Cole, and after their deaths, Plaintiff, fell behind on the Property's mortgage payments numerous times throughout the life of the Loan. (*Id.*)

2

The original Loan was modified in 2016 when Plaintiff executed a loan modification with Seterus. (*Id.*) Plaintiff then requested further assistance from Seterus with the Loan, and Seterus acknowledged this request in correspondence sent to Plaintiff on January 14, 2019, January 21, 2019, and January 22, 2019. (*Id.*) Plaintiff applied for another modification. (*Id.*) On January 17, 2019, Seterus sent correspondence to Plaintiff advising that the application was complete. (*Id.*) Seterus then sent correspondence on January 31, 2019, advising Plaintiff that it had been notified of a possible successor-in-interest and/or estate contact for the Property and advising her that it required additional documents in order to prove successor-in-interest status. (*Id.*) Ultimately, Seterus did not confirm the modification because Plaintiff had not been confirmed as successor-in-interest. (*Id.*)

Plaintiff again applied for a loan modification in March 2019, but this modification was denied. (*Id.*) Plaintiff spoke with a Nationstar representative on May 17, 2019, about the denial and indicated that she wished to reapply for a modification but was advised that she would have to reinstate the mortgage loan in order to do so. (*Id.*) Nationstar then sent a default letter to the Estate of Jennings Cole on May 31, 2019, advising that the loan had been in default since August 1, 2018, and requesting payment. (*Id.*) The Loan remained in default until the August 2019 foreclosure. (*Id.*)

Plaintiff submitted at least one additional request for mortgage assistance after the March 2019 modification application. (*Id.*) In response, Nationstar sent correspondence to Plaintiff on May 17, 2019, acknowledging receipt of the request and detailing the required documents it needed to process the request. (*Id.*) Nationstar then followed up with correspondence to Plaintiff on June 17, 2019, stating again that it could not confirm that she was the successor-in-interest on the Loan due to the missing documents. (*Id.*) On July 24, 2019, Nationstar sent further correspondence

3

advising Plaintiff that it was still missing the documents necessary to process her request for loan assistance. (*Id.*)

Prior to the servicing transfer to Nationstar, Seterus notified Plaintiff via letter dated December 6, 2018, that it had accelerated the Loan's maturity date and referred the Loan to foreclosure. (*Id.*) Nationstar sent another foreclosure notification letter to Plaintiff on July 9, 2019. (*Id.*) The Appointment of Substitute Trustee was recorded on May 31, 2019, and notices of foreclosure were published on July 12, 2019, July 19, 2019, and July 26, 2019. (*Id.*)

The quitclaim deed that quitclaimed Jennings Cole's interest in the Property to Plaintiff was not executed until after Jennings Cole had died. (*Id.*) Plaintiff's claims for unjust enrichment and fraud have been dismissed by the Court. (*Id.*; D.E. 17 & 19.) Plaintiff was in default on the mortgage as of the August 2019 foreclosure. (*Id.*)

Plaintiff's initial Complaint alleged claims of "breach of contract with fabricated title documents which created deed fraud" and "violation of contract also validation which went unanswered in support of accounting fraud/securities fraud causing a bogus foreclosure by defendant Nationstar LLC d/b/a Mr. Cooper et al." (D.E. 1-1, PageID 18-26.) Plaintiff also alleged claims of "dual-tracking" in the foreclosure process and unjust enrichment. (*Id.* at PageID 14-27.) Defendants filed a motion to dismiss which resulted in the Court entering an order granting the claims for unjust enrichment and denying the claims for breach of contract and dual tracking. (D.E. 19.) Plaintiff moved to amend her Complaint, alleging claims for breach of contract, fraud, "action to set aside foreclosure sale," slander of title, quiet title, violation of RESPA, and violation of FDCPA. (D.E. 40.) The Court permitted the Amended Complaint to be filed but dismissed Plaintiff's fraud claim as it was identical to the claim the Court already dismissed. (D.E. 47.)

4

Therefore, Plaintiff's remaining claims are: breach of contract, "action to set aside foreclosure sale," slander of title, quiet title, violation of RESPA, and violation of FDCPA.

## II. PROPOSED CONCLUSIONS OF LAW

### STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party "has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (quoting *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002)). Conversely, "[t]here is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A court's function at the summary judgment stage is not to "weigh the evidence and determine the truth of the matter;" rather, it is "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 748 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 255) ("Credibility determinations . . . and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

If the motion is properly supported, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (citation omitted). Thus, "in order to defeat summary

5

judgment, the party opposing the motion must present affirmative evidence to support [his] position; a mere 'scintilla of evidence' is insufficient." *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003)). Although a court does not weigh the evidence at this stage, it "must view all evidence and draw any reasonable inferences therefrom in favor of the nonmoving party." *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 426 (6th Cir. 2014) (citing *Matsushita*, 475 U.S. at 587). "[C]onclusory allegations, speculation, and unsubstantiated assertions," however, "are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment." *Jones*, 677 F. App'x at 282 (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

"*Pro se* complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly

charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## ANALYSIS

*A.     Defendants' Requests for Admission to Plaintiff*

Defendants first argue that Defendants' First Request for Admissions should now be deemed admitted due to Plaintiff's failure to respond pursuant to Federal Rule of Civil Procedure 36(a)(3). (D.E. 53.) Defendants contend that they served Plaintiff by email and U.S. mail on May 10, 2021, and that Plaintiff has since failed to respond. (*Id.*) Plaintiff responds in opposition, arguing that because she was evicted from the property to which the discovery was mailed and because she did not provide written consent to electronic service, Defendants' First Request for Admissions should not be deemed admitted as she did not fail to respond. (D.E. 56.)

The undersigned finds Plaintiff's argument as well-taken. Federal Rule of Civil Procedure 5(b)(2)(E) states:

> (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served

Here, Plaintiff and Defendants have communicated via email throughout this matter, including Defendants' delivery of discovery to Plaintiff. However, this does not amount to Plaintiff's written consent to electronic service. (Fed. R. Civ. P. (b)(2)(E); *see also* Fed. R. Civ. P. advisory committee's note to 2001 amendment (stating that consent must be "express, and cannot be implied from conduct"); *Martin v. Deutsche Bank Secs, Inc.*, 676 Fed. Appx. 27, 29 (2d Cir. 2017) (noting that Plaintiff's pattern and practice of communicating by email in the underlying arbitration cannot imply consent for electronic service). Therefore, the undersigned finds that

7

Plaintiff did not fail to respond because Plaintiff did not provide written consent and **RECOMMENDS** that Defendants' First Requests not be deemed admitted.

B.    *Complete Loan Modification Application*

Defendants contend that each of Plaintiff's claims fail because Defendants did not approve a loan modification as Plaintiff did not submit a timely, complete application, which required necessary successor-in-interest documentation. (D.E. 53.) Defendants further assert that Plaintiff has not provided any proof otherwise. (D.E. 53.) First, it does follow that each of Plaintiff's claims fail if found that Plaintiff did not submit a timely, complete application for a loan modification. Therefore, as an initial matter, it must first be determined if Plaintiff submitted a timely and complete application.

In support of this argument, Defendants state that Plaintiff did not submit a proper application because she did not provide the necessary documentation to confirm successor-in-interest ("SII") status or bring the loan current to prevent foreclosure on her home. (D.E. 53, PageID 642.) Defendant Mr. Cooper sent the Estate of Jennings Cole a letter notifying Plaintiff that they had received her application for loss mitigation options and/or supporting documentation but that the application was incomplete. (D.E. 52, Exhibit #1, PageID 559.) The letter included a list of documents still needed, including "[l]egal proof showing Transfer of Ownership/Successor-in-Interest confirmation." (*Id.*) This section also included the description: "Legal Proof includes court recorded divorce decree, court recorded separation agreement, recorded quitclaim deed verifying that the property rights have been relinquished for non-participating borrower/third party, Will, Probate Documents, or documentation showing ownership." (*Id.*)

In response, Plaintiff essentially argues that Defendants prevented her from submitting a complete application and therefore avoid foreclosure. (D.E. 56, PageID 664-66.) Plaintiff's

8

argument is derived from the Real Estate Settlement Procedures Act ("RESPA"). RESPA was enacted "to ensure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from . . . certain abusive practices." 12 U.S.C. § 2601. The Act prohibits various practices related to loan servicing, such as failing to timely respond to a borrower's requests regarding avoiding foreclosure and provides that servicers who fail to comply with its requirements will be liable to an affected individual in the amount of "actual damages to the borrower as a result of the failure." *Id.* In pertinent part, RESPA's Regulation X imposes certain obligations on a loan servicer. As relevant here, under Regulation X, a loan servicer must "exercise reasonable diligence in obtaining documents and information to complete a borrower's loss mitigation application." 12 C.F.R. § 1024.41(b)(1). Section 1024.41 does not define "reasonable diligence," but courts interpreting the regulation have found that "a servicer may fail to exercise reasonable diligence if it repeatedly requests documents it already possesses or documents that it knows or should know are not required to complete the borrower's application." *Benner v. Wells Fargo Bank, N.A.*, No. 2:16-cv-00467, 2018 U.S. Dist. LEXIS 52716, at *30-32 (D. Me. Mar. 29, 2018) (citations omitted).

Plaintiff contends that Defendants were in possession of the documentation which they were requesting for her to be a confirmed SII, a violation of Regulation X. (D.E. 56, PageID 664-66.) She points to a loan modification in 2016 with Seterus, the previous servicer, that was approved in her name as an example of the documentation Defendants possessed yet were still requesting that would confirm her SII status. (*Id.*) Thus, Plaintiff argues that Defendants failed to exercise reasonable diligence in obtaining documents to complete the loss mitigation application in examining its records of the 2016 application approved in Plaintiff's name.

9

Defendants maintain in their reply that Plaintiff fails to create any genuine issue of material fact because Defendants have established facts necessary to support summary judgment and Plaintiff fails to negate any of these facts in her response. (D.E. 57, Page ID 679.) In support, Defendants further state that Plaintiff has not provided evidentiary support for her claims and instead has admitted that she did not submit a complete loan modification application. (*Id.* at PageID 682-83.) The Court requested supplemental briefing from Defendants in light of Plaintiff's claims that Defendants failed to exercise reasonable diligence in requesting SII documentation while, according to Plaintiff, Defendants were in possession of a letter in which Seterus approved a loan modification in Plaintiff's name. (D.E. 63.) The Court also requested briefing on how the outcome of this issue affects Defendants' further arguments with respect to Plaintiff's remaining claims. (*Id.*)

Defendants asserted in their supplemental briefing that despite the previous servicer, Seterus, "allegedly" approving a loan modification, Defendants, as the current servicer, did not have any proof of Plaintiff's actual status as the SII. (D.E. 67, PageID 732.) Additionally, Defendants contend that they adhered to the standard of reasonable diligence in reviewing a loss mitigation application and determining that SII documentation was necessary for a complete application. (*Id.* at PageID 733.) Further, there is no proof in the record that Plaintiff submitted the requested documentation, and Plaintiff has yet to offer evidentiary support to refute this. (*Id.*) Finally, Defendants maintain that they did not have knowledge of Plaintiff's SII status because Plaintiff was not transferred the property by operation of law, as required to be a successor-in-interest. (*Id.* at PageID 734.)

In response to Defendants' supplemental briefing, Plaintiff cites various provisions of RESPA and argues that Defendants were required to maintain policies and procedures that are

10

reasonably designed to facilitate the transfer of servicing information. (D.E. 68, PageID 736-39.) Plaintiff claims that "the mere fact that a loan modification existed in plaintiff[']s name, yet, defendants did not know, establishes that defendants failed to maintain policies and procedures that are reasonably designed to achieve the objectives set forth in" RESPA. (*Id.*) She further cites the affidavit of Alan Blunt provided by Defendants which acknowledges the existence of Plaintiff's previous modification with Seterus. (*Id.*) Finally, Plaintiff points to the Deed of Trust language and asserts that she assumed the original borrower's obligation, in writing via the loan modification approved in her own name, as evidence that she is the borrower and successor-in-interest. (*Id.*)

The amendments to RESPA define a successor-in-interest in relevant part as "a person to whom an ownership interest in a property securing a mortgage loan . . . is transferred from a borrower, provided that the transfer is . . . [a] transfer by devise, descent, or operation of law on the death of a joint tenant or tenant by the entirety[.]" 2013 Mortgage Rules Under the Real Estate Settlement Procedures Act (Regulation X) and the Truth in Lending Act (Regulation Z), 81 FR 72160, 72370 (Oct. 19, 2016) (amending 12 C.F.R. § 1024.31). Under these amendments, a successor in interest is "confirmed" when "a servicer has confirmed the successor in interest's identity and ownership interest in a property that secures a mortgage loan." *Id.* (amending 12 C.F.R. § 1024.31).

The Magistrate Judge recommends denying summary judgment as to all claims. Despite the briefing given by both parties, the Magistrate Judge finds that questions remain on several material issues, including but not limited to: whether the documentation that Plaintiff submitted to be approved for the 2016 modification with Seterus would satisfy as SII confirmation; whether Seterus possessed documentation that would confirm SII status; whether the transfer process

11

between servicers was within the policies and procedures required by RESPA; whether Defendants were in possession of information evidencing that there was a 2016 modification approved in Plaintiff's name; whether the 2016 approved loan modification would constitute the kind of proper SII confirmation which Defendants were requesting; whether the kind of documentation that could be offered as SII confirmation is required for every complete loan modification application; whether the 2016 modification executed in Plaintiff's name after the original borrower's death constitutes her as the borrower and/or SII under the Deed of Trust; and if Defendants were requesting SII documentation while in possession of such in violation of Regulation X, how this affects the outcome of Plaintiff's remaining claims.

While one may infer that Seterus denying Plaintiff another loan modification due to lack of SII documentation is evidence that SII documentation was never in Plaintiff's record for any servicer, the Court must view all evidence and draw reasonable inferences therefrom in favor of the nonmoving party. Just as one may infer that SII documentation was never in the record, it is fair to draw an inference that Defendants did not maintain their records properly as evidenced by Defendants' characterization of Plaintiff's 2016 modification as "alleged" despite submitting an affidavit from its own agent that affirmatively acknowledged the existence of the modification and despite acknowledging it in the undisputed facts. Moreover, a court's function at this stage is not to weigh the evidence and determine the truth but rather to determine whether there is a genuine issue of material fact.

These questions affect the outcome of Plaintiff's RESPA claim. Furthermore, the information needed, as well as issues to be resolved to determine Plaintiff's RESPA claim, affect the outcome of Plaintiff's remaining claims. Thus, the Magistrate Judge finds that these questions involve genuine issues of material fact. Put another way, the evidence, and remaining issues, are

such that the record, taken as a whole, could reasonably lead a rational trier of fact to find for Plaintiff. As these issues remain, the Magistrate Judge finds that Defendants have not met their burden of proving the absence of a genuine issue of material fact, as required for the Court to grant summary judgment. Accordingly, the Magistrate Judge recommends the Court **DENY** Defendants' motion for summary judgment.

C.     *Plaintiff's Leave to File Sur-Reply*

Defendants oppose Plaintiff's motion for leave to file sur-reply and request that the Court deny Plaintiff's request. (D.E. 62.) Plaintiff files this motion on the claim that Defendants set forth several matters for the first time that she has not been able to contest in previous filings. (D.E. 60.) The undersigned agrees that Defendants did not present new matters to which Plaintiff did not have an opportunity to respond. Therefore, the undersigned finds that a sur-reply is unnecessary, especially considering the Court gave both parties the opportunity to further present their arguments in supplemental briefing. Accordingly, the undersigned recommends Plaintiff's motion be **DENIED**.

## III. RECOMMENDATION

For the foregoing reasons, this Court recommends that the Defendants' motion for summary judgment be **DENIED** and Plaintiff's motion for leave to file sur-reply be **DENIED**.

Respectfully submitted this 4th day of March 2022.

s/ Jon A. York
JON A. YORK
UNITED STATES MAGISTRATE JUDGE

## NOTICE

**Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within**

**fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.**