IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **JENNIFER COLE-GRICE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**FANNIE MAE, NATIONSTAR MORTGAGE** )<br>**LLC d/b/a MR. COOPER AND JP MORGAN** )<br>**CHASE BANK, N.A.,** )<br>)<br>Defendants. )<br>) | Case No. 1:19-01287-STA-jay |

**ORDER PARTIALLY ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION**

Before the Court is the United States Magistrate Judge's Report and Recommendation (ECF No. 73) screening Defendants Federal National Mortgage Association's ("Fannie Mae") and Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Nationstar") (collectively "Defendants") Motion for Summary Judgment. (ECF No. 52.) Defendants have timely filed objections to the Magistrate Judge's Report. (ECF No. 77.) For the reasons set forth below, the Court hereby **PARTIALLY ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** in part and **DENIES** in part Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Motion to File Sur-Reply. (ECF Nos. 59, 60.)

**BACKGROUND**

This case involves allegations by Plaintiff Jennifer Cole-Grice of wrongful acts by Defendant Nationstar, including violations of the Real Estate Settlement Procedures Act (RESPA) and the Fair Debt Collection Practices Act (FDCPA), along with claims for breach of contract,

1

slander of title, and quiet title—all related to the servicing of her mortgage loan. In essence, Plaintiff claims Defendant wrongfully accused Plaintiff of failing to remedy her default, leading Defendant to improperly foreclose on the property at issue.

Plaintiff claims to be the record owner of real property located at 181 Adair Road, Jackson, TN 38305 (the "Property"). (ECF No. 54, at 1.) This Property was subject to a Note executed by Jennings Cole on July 26, 2008, in the amount of $54,400.00 payable to JP Morgan Chase Bank, N.A. (*Id.*) The Note was secured by the Property pursuant to a Deed of Trust executed by Jennings Cole and his wife, Emma Cole. (*Id.*) The Deed of Trust provided, in pertinent part:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.

(*Id.* at 1–2.) JP Morgan Chase Bank, N.A. transferred servicing of the mortgage loan on the Property ("Loan") to Seterus, Inc. ("Seterus") on March 1, 2015. (*Id.* at 2.) Seterus then transferred servicing of the Loan to Nationstar on March 1, 2019. (*Id.*) Jennings and Emma Cole, and after their deaths, Plaintiff, fell behind on the Property's mortgage payments numerous times throughout the life of the Loan. (*Id.*)

The original Loan was modified in 2016 when Plaintiff executed a loan modification with Seterus. (*Id.* at 3.) Plaintiff then requested further assistance from Seterus with the Loan, and Seterus acknowledged this request in correspondence sent to Plaintiff on January 14, 2019, January 21, 2019, and January 22, 2019. (*Id.*) Plaintiff applied for another modification. (*Id.*) On January 17, 2019, Seterus sent correspondence to Plaintiff advising that the application was complete. (*Id.*) Seterus then sent correspondence on January 31, 2019, advising Plaintiff that it had been notified of a possible successor-in-interest and/or estate contact for the Property and advising her that it

required additional documents in order to prove successor-in-interest status. (*Id.* at 3–4.) Ultimately, Seterus did not confirm the modification because Plaintiff had not been confirmed as successor-in-interest. (*Id.* at 4.)

Plaintiff again applied for a loan modification in March 2019, but this modification was denied. (*Id.*) Plaintiff spoke with a Nationstar representative on May 17, 2019, about the denial and indicated that she wished to reapply for a modification but was advised that she would have to reinstate the mortgage loan in order to do so. (*Id.*) Nationstar then sent a default letter to the Estate of Jennings Cole on May 31, 2019, advising that the loan had been in default since August 1, 2018, and requesting payment. (*Id.*) The Loan remained in default until the August 2019 foreclosure. (*Id.*)

Plaintiff submitted at least one additional request for mortgage assistance after the March 2019 modification application. (*Id.*) In response, Nationstar sent correspondence to Plaintiff on May 17, 2019, acknowledging receipt of the request and detailing the required documents it needed to process the request. (*Id.* at 5.) Nationstar then followed up with correspondence to Plaintiff on June 17, 2019, stating again that it could not confirm that she was the successor-in-interest on the Loan due to the missing documents. (*Id.*) On July 24, 2019, Nationstar sent further correspondence advising Plaintiff that it was still missing the documents necessary to process her request for loan assistance. (*Id.*)

Prior to the servicing transfer to Nationstar, Seterus notified Plaintiff via letter dated December 6, 2018, that it had accelerated the Loan's maturity date and referred the Loan to foreclosure. (*Id.*) Nationstar sent another foreclosure notification letter to Plaintiff on July 9, 2019. (*Id.*) The Appointment of Substitute Trustee was recorded on May 31, 2019, and notices of foreclosure were published on July 12, 2019, July 19, 2019, and July 26, 2019. (*Id.* at 5–6.)

The quitclaim deed that quitclaimed Jennings Cole's interest in the Property to Plaintiff was not executed until after Jennings Cole had died. (*Id.* at 6.) Plaintiff's claims for unjust enrichment and fraud have been dismissed by the Court. (*Id.*; ECF Nos. 17, 19.) Plaintiff was in default on the mortgage as of the August 2019 foreclosure. (*Id.*)

At this juncture, Plaintiff's remaining claims are as follows: violation of RESPA, breach of contract, slander of title, quiet title, and violation of FDCPA. (ECF No. 73.) In his Report and Recommendation, the Magistrate recommended that Defendants be denied summary judgment on all claims. (*Id.* at 11.)

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party "has the initial burden of showing the absence of a genuine dispute as to a material fact." *Automated Solutions Corp. v. Paragon Data Sys., Inc.*, 756 F.3d 504, 520 (6th Cir. 2014) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "A dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Smith v. Perkins Bd. of Educ.*, 708 F.3d 821, 825 (6th Cir. 2013) (quoting *Ford v. Gen. Motors Corp.*, 305 F.3d 545, 551 (6th Cir. 2002)). Conversely, "[t]here is no genuine issue for trial where the record 'taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). A court's function at the summary judgment stage is not to "weigh the evidence and determine the truth of the matter;" rather, it is "to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *see also Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 748 (6th

Cir. 2012) (quoting *Anderson*, 477 U.S. at 255) ("Credibility determinations . . . and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.").

If the motion is properly supported, "the opposing party must go beyond the contents of its pleadings to set forth specific facts that indicate the existence of an issue to be litigated." *Slusher v. Carson*, 540 F.3d 449, 453 (6th Cir. 2008) (citation omitted). Thus, "in order to defeat summary judgment, the party opposing the motion must present affirmative evidence to support [his] position; a mere 'scintilla of evidence' is insufficient." *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (quoting *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003)). Although a court does not weigh the evidence at this stage, it "must view all evidence and draw any reasonable inferences therefrom in favor of the nonmoving party." *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 426 (6th Cir. 2014) (citing *Matsushita*, 475 U.S. at 587). "[C]onclusory allegations, speculation, and unsubstantiated assertions," however, "are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment." *Jones*, 677 F. App'x at 282 (citing *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

"Pro se complaints are to be held to 'less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading." (internal quotation marks omitted)); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.*

5

*Pliler v. Ford,* 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

## DISCUSSION

**A. Defendants' General Objection to Magistrate's Report and Recommendation**:

Defendants' Objection begins by stating that "Defendants object to the Report in its entirety. . . ." (ECF No. 77, at 1.) However, a general objection is no objection at all. The Sixth Circuit has held that objections to a Magistrate Judge's order or recommendation must be specific "in order to focus the busy district court's attention on only those issues that were dispositive and contentious" and thereby to serve judicial efficiency. *Howard v. Sec'y Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

> A general objection to the entirety of the magistrate's report has the same effect as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Id.* (citing *Thomas v. Arn*, 474 U.S. 140, 148 (1985)).

The Court need not review any recommendation to which no specific objection is made. *Arn*, 474 U.S. at 150. As a consequence, the Court considers only the objections that specifically

6

address the Magistrate Judge's Report and adopts the recommendations to which Defendants did not specifically object.

### B. Defendants' Statement of Undisputed Material Fact:

As stated in the Magistrate's Report, Plaintiff did not file a response to Defendants' Statement of Material Fact. Moreover, Local Rule 56.1(b) requires such a response and Local Rule 56.1(d) states that a failure to do so "within the time periods provided by these rules shall indicate that the asserted facts are not disputed for purposes of summary judgment."

Therefore, the Court **ADOPTS** the Magistrate Judge's **RECOMMENDATION** that Defendants' Statement of Material Fact be deemed undisputed for purposes of summary judgment.

### C. Defendants' First Request for Admissions:

In their Motion for Summary Judgment, Defendants argue that Defendants' First Request for Admissions (RFA) should be deemed admitted due to Plaintiff's failure to respond as required by Federal Rule of Civil Procedure 36(a)(3). (ECF No. 53.) Defendants contend that they served Plaintiff by email and U.S. mail on May 10, 2021, and that Plaintiff has since failed to respond. (*Id.*) Plaintiff responds in opposition, arguing that because she was evicted from the property to which the discovery was mailed and because she did not provide written consent to electronic service, Defendants' First Request for Admissions should not be deemed admitted as she did not fail to respond. (ECF No. 56.)

The undersigned finds Plaintiff's argument is well-taken. Federal Rule of Civil Procedure 5(b)(2)(E) states:

> (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing—in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served.

In response to the Magistrate's Report discussing the RFA, Defendants state that Plaintiff failed to keep the Court informed of her address and that email communication was the only option available to Defendants at the time of service. (ECF No. 77.) However, the Federal Rules of Civil Procedure are clear on the issue and do not list the circumstances cited by Defendants as creating an exception to the Rules. A party must explicitly consent to electronic service for such service to be efficacious. Fed. R. Civ. P. 5(b)(2)(E); *see also* Fed. R. Civ. P. advisory committee's note to 2001 amendment (stating that consent must be "express and cannot be implied from conduct"); *Martin v. Deutsche Bank Secs, Inc.*, 676 Fed. Appx. 27, 29 (2d Cir. 2017) (noting that Plaintiff's pattern and practice of communicating by email in the underlying arbitration cannot imply consent for electronic service). Here, Plaintiff never consented to email communication for service in discovery. Therefore, the Court finds that Plaintiff did not fail to respond because Plaintiff did not provide written consent.

Accordingly, the Court **ADOPTS** the Magistrate Judge's **RECOMMENDATION** that Defendants' First Requests not be deemed admitted.

**D. RESPA Claim**:

The Real Estate Settlement Procedures Act (RESPA) is a consumer protection law that regulates the real estate settlement process and protects individuals against abusive practices in loan servicing. *Schoen v. Bank of Am., N.A.*, No. 2:17-CV-648, 2019 WL 590882, at *3 (S.D. Ohio Feb. 13, 2019). Regulation X, the regulatory provision relevant to this case, prohibits loan servicers from stonewalling a loan modification by requesting information already in their possession or information that *should* be in their possession. 12 C.F.R. § 1024.41(b)(1). "Courts interpreting the regulation have found that 'a servicer may fail to exercise reasonable diligence if it repeatedly requests documents it already possesses or documents that it knows or *should* know are not required to complete the borrower's application.'" *Schoen*, 2019 WL 590882, at *7

8

(emphasis added). The word "should" imposes a duty on the loan servicer to obtain documents. And the duty is met when loan servicers exercise "reasonable diligence" in seeking required documents. § 1024.41(b)(1). Although the standard is not defined explicitly, the Consumer Protection Bureau (CFPB), which promulgated Regulation X, provides an example of reasonable diligence:

> Servicing for a mortgage loan is transferred to a servicer and the borrower makes an incomplete loss mitigation application to the transferee servicer after the transfer; the transferee servicer reviews documents provided by the transferor servicer to determine if information required to make the loss mitigation application complete is contained within documents transferred by the transferor servicer to the servicer.

§ 1024, Supp. I, cmt. 41(b)(1) ¶ 4.ii. The above example illustrating the reasonable diligence standard is precisely the issue at bar. Here, Defendants' Statement of Undisputed Facts acknowledges that the previous loan servicer, Seterus, modified Plaintiff's loan. (ECF No. 54, at 2.) As with any modification, the requisite documents were gathered to effectuate the modification. Thus, it stands to reason that Nationstar should have sought the documents, specifically the successor-in-interest documentation from Seterus after Plaintiff submitted an incomplete application. To demonstrate reasonable diligence, Nationstar could have shown that it attempted to obtain the documentation, but Nationstar has not given any indication that it contacted Seterus for this purpose. In fact, Nationstar has not provided any specific evidence to demonstrate that it exercised reasonable diligence in determining that it lacked the requisite documentation. Consequently, there is a question of material fact whether Nationstar exercised reasonable diligence in failing to request the successor-in-interest documentation from Seterus.

Defendants indicated in their Objection to the Magistrate's Report that the Magistrate made assumptions or invented hypotheticals in concluding that there is a genuine dispute of material fact. (ECF No. 77, at 2.) However, there is a requirement of reasonable diligence, and there is no

9

evidence showing that Nationstar met this standard. Failing to address the regulatory standard creates a question that cannot be resolved on the available information. Thus, there is at least one question of material fact here.

To elaborate further, Nationstar has not shown as a matter of law that it did not already possess the necessary documents. Defendants' Statement of Undisputed Facts indicate that Nationstar sent Plaintiff correspondence claiming that it needed additional documentation. (ECF No. 54, at 5.) Thus, Defendants have established as a matter of law that Nationstar *informed* Plaintiff that it was missing necessary documentation. Defendants failed to state, however, that Nationstar did not actually possess the necessary documentation. Although Defendants may claim this is hardly a distinction, the Court would respond by directing Defendants to be more precise in their Statement of Undisputed Facts. Asserting as fact that Nationstar *communicated* to Plaintiff it was missing necessary documentation is not the same as stating that Nationstar did not possess the necessary documentation.

At this point, it is worth addressing Plaintiff's claim for "action to set aside foreclosure sale." (ECF No. 40, at 6–7.) Although stated as a separate claim, it appears to be a reiteration of her RESPA claim. Essentially, Plaintiff states that the foreclosure sale was improper because Plaintiff submitted a complete loan modification application. (*Id.* at 7.) Yet, as discussed above, there is a question whether Nationstar possessed a complete loan modification application or whether they actively sought additional documentation from Seterus. Consequently, the Court treats the claim for "action to set aside foreclosure sale" as subsumed in Plaintiff's RESPA claim.

Ultimately, Defendants did not address whether Nationstar met its obligation to request the successor-in-interest documentation from Seterus. Defendants also failed to show reasonable diligence in determining whether Nationstar already possessed the successor-in interest

documentation. Thus, there is a question whether Nationstar acted with reasonable diligence in processing Plaintiff's loan assistance application.

Therefore, the Court **ADOPTS** the Magistrate Judge's **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **DENIED** as to Plaintiff's RESPA claim.

### E. Breach of Contract

Plaintiff states that Nationstar breached its contract with Plaintiff by foreclosing on the Property despite Plaintiff's partial payments made to Nationstar while the loan was in default. To state a breach of contract claim under Tennessee law, a plaintiff must allege the existence of an enforceable contract, a breach of that contract, and damages resulting from the breach. *LifeMed, Inc. v. AMC-Tennessee, Inc.*, 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005). Defendants assert in their Motion for Summary Judgment, that Plaintiff failed to timely submit a complete loan modification application and that the loan remained in default until the foreclosure. (ECF No. 54, at 4.) However, as previously noted, there is a question of material fact regarding the completeness of the loan modification application.

But Defendants are correct regarding the insufficiency of Plaintiff's partial payments. Apparently, Plaintiff believed that the escrow statement allowed her to send Nationstar the sum of $434.14 to avoid foreclosure on the property. (ECF No. 53, at 10–11.) Plaintiff's belief was mistaken. Plaintiff made partial payments that were insufficient to bring the loan current and avoid foreclosure. As the Deed of Trust states,

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.

(ECF No. 54, at 2.) As Defendants correctly aver, Nationstar acted within its contractual rights in refusing partial payments from Plaintiff while the Loan was in default. Yet, because there is a dispute of material fact regarding Plaintiff's submission of a complete loan modification application, the Court cannot resolve the breach of contract claim in favor of Defendants on their Summary Judgment Motion.

Therefore, the Court **ADOPTS** the Magistrate Judge's **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **DENIED** as to Plaintiff's claim for breach of contract.

**F. Slander of Title**:

Plaintiff's slander of title claim fails because Plaintiff failed to allege any specific facts that demonstrate malicious behavior on the part of Defendants or that demonstrate Defendants made a false claim regarding an interest in the property. To state a claim for slander of title in Tennessee, a plaintiff must demonstrate: "(1) that it has an interest in the property, (2) that the defendant published false statements about the title to the property, (3) that the defendant was acting maliciously, and (4) that the false statements proximately caused the plaintiff a pecuniary loss." *Brooks v. Lambert*, 15 S.W.3d 482, 484 (Tenn. Ct. App. 1999). Importantly, "[m]alice is a key ingredient of a slander of title claim." *Harmon v. Shell*, 1994 Tenn. App. LEXIS 229, at *11 (Tenn. Ct. App. Apr. 27, 1994) (citing *Waterhouse v. McPheeters*, 145 S.W.2d 766, 767 (Tenn. 1940)). Malice does not require "personal hatred" but also occurs where there is a reckless disregard of the property owner's rights." *Id.* (citing *Smith v. Gernt*, 2 Tenn. Civ.App. (Higgins) 65 79–80 (1911)).

As Defendants observe, "[t]he record is absolutely devoid of any proof whatsoever of either a false statement regarding the title to the property or malice." (ECF No. 77, at 5.) In her response to the Motion for Summary Judgment, Plaintiff alleges that "[t]his issue (referring to Defendant's

12

foreclosure) itself establish[es] malice." (ECF No 56, at 10.) Ultimately, however, slander of title is an improper fit. Defendants never disparaged Plaintiff's title or claimed a false interest in the property.[1] Instead, Nationstar made Plaintiff aware of her default, and Defendants proceeded to foreclose on the property when Plaintiff allegedly failed to take steps to correct the default. (ECF No 54, at 5.) In other words, the issue in this case is whether Defendants improperly foreclosed on Plaintiff by not supplementing Plaintiff's incomplete loan modification application. Thus, Defendants did not publish false statements about the title to the property or falsely claim an interest in the property. The facts alleged by Plaintiff are for a RESPA claim not a slander of title claim. Moreover, there is no indication that Defendants acted with malice. Thus, Plaintiff did not allege any specific facts showing that Plaintiff has demonstrated more than the "mere possibility" of a factual dispute. *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986); *see also Williams v. International Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000).

Therefore, the Court **REJECTS** the Magistrate Judge's **RECOMMENDATION** and orders that Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's claim for slander of title.

**G. Quiet Title**:

Plaintiff's claim for quiet title fails because it is established that the trustee held legal title until the debt was paid in full. (ECF No. 53, at 16.) Because Plaintiff did not pay off the loan prior to foreclosure, Plaintiff's property interest was indisputably subject to the trustee's Deed of Trust. As Defendants correctly articulate, "[t]o succeed on a claim for quiet title, 'the complainant must show that he himself has the title, or else he has no right to have a cloud removed form that

---

[1] "[T]he most common way for a plaintiff to satisfy the requirement of false publication is by demonstrating that the defendant wrongfully recorded an unfounded claim." Robert Eric Davis, II, *Court of Appeals Recognizes Slander of Title Action*, 48 S.C. L. Rev. 165, 168 (1996).

13

to which he has no title to himself.'" (*Id.* at 15) (citing *Dauenhauer v. Bank of New York Mellon*, 562 Fed. Appx. 473, 481 (6th Cir. 2014)). In other words, an action to quiet title is applicable only where there is "some plausible assertion that legal title to the property in question is unclear, disputed, or encumbered in some manner." *Starkey v. First Magnus Fin. Corp.*, Case No. 3:11-1217, 2012 WL 4061204, at *3 (M.D. Tenn. Sept. 14, 2012). Here, legal title is not in dispute. Therefore, Plaintiff's claim to quiet title fails as a matter of law.

Therefore, the Court **REJECTS** the Magistrate Judge's **RECOMMENDATION** and orders that Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's claim for quiet title.

### H. Fair Debt Collection Practices Act:

The Fair Debt Collection Practices Act (FDCPA) prohibits a debt collector from acting in a false or deceptive manner in the collection of any debt. *See* 15 U.S.C. § 1692e. Thus, for a statement made by a debt collector to be actionable, it must be false or misleading. *See Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 327 (6th Cir. 2012). Plaintiff has not asserted any specific facts regarding the FDCPA claim. Plaintiff only states in her Response to Defendants' Motion for Summary Judgment that Defendants have used "[m]isleading practices in collection of the debt." (ECF No. 56, at 13.) This is not sufficient where Defendants have shown that Nationstar informed Plaintiff that she had not submitted a complete loan modification application. Although there is a question whether Nationstar acted with reasonable diligence, there is no evidence of deception in the foreclosure or loan payment process. Instead, Plaintiff has failed to provide any evidence that Defendants acted dishonestly in requesting additional documentation to complete the loan modification. Therefore, Plaintiff's claim under the FDCPA does not survive Defendants' Motion.

Therefore, the Court **REJECTS** the Magistrate Judge's **RECOMMENDATION** and orders that Defendants' Motion for Summary Judgment be **GRANTED** as to Plaintiff's FDCPA claim.

### I. Plaintiff's Motion for Leave to File Sur-Reply:

Finally, Defendants oppose Plaintiff's Motion for Leave to File Sur-reply and request that the Court deny Plaintiff's request. (ECF No. 62.) Plaintiff files this Motion on the claim that Defendants set forth several matters for the first time that she has not been able to contest in previous filings. (ECF No. 60.) After reviewing the record, the Court concludes that Defendants did not present new matters to which Plaintiff did not have an opportunity to respond. Therefore, the undersigned finds that a sur-reply is unnecessary, especially considering the Magistrate Judge gave both parties the opportunity to further present their arguments in supplemental briefing.

Accordingly, the Court **ADOPTS** the Magistrate's **RECOMMENDATION** that Plaintiff's Motion for Leave to File Sur-reply (ECF Nos. 59, 60) be **DENIED**.

### CONCLUSION:

Ultimately, there are questions of material fact surrounding Plaintiff's RESPA claim and breach of contract claim. These are the only claims that remain after Defendants' Motion for Summary Judgment. All other claims are hereby dismissed. Therefore, for the reasons set forth above, the Court **PARTIALLY ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** in part and **DENIES** in part Defendants' Motion for Summary Judgment (ECF No. 52) and **DENIES** Plaintiff's Motion to File Sur-Reply. (ECF Nos. 59, 60.)

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 27, 2022.