IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JENNIFER COLE-GRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:19-01287-STA-jay |
| FANNIE MAE, NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER AND JP MORGAN CHASE BANK, N.A., | ) |
| | ) |
| Defendants. | ) |

**FINDINGS OF FACT AND LAW**

In this action, Plaintiff Jennifer Thompson (formerly Jennifer Cole-Grice) alleges wrongful acts by Defendant Nationstar, including violations of the Real Estate Settlement Procedures Act (RESPA) and a claim for breach of contract—both related to the servicing of her mortgage loan. Pursuant to 28 U.S.C. § 1331, the Court has jurisdiction to hear the RESPA claim and may hear the breach of contract claim by means of supplemental jurisdiction under 28 U.S.C. § 1367(a).  In essence, Plaintiff states that Nationstar failed to acknowledge a loan modification, leading to an improper foreclosure on the property at issue.  The Court tried this civil action without a jury on May 31, 2022.  Federal Rule of Civil Procedure 52 requires that, "[i]n an action tried on the facts without a jury . . ., the court must find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a)(1).  In accordance with Rule 52, the Court states the facts and law below and finds in favor of Defendant Nationstar.

1

**FINDINGS OF FACT**

Plaintiff claims to be the record owner of real property located at 181 Adair Road, Jackson, TN 38305 (the "Property"). (Trial Tr. at 10, ¶¶ 6–8.) This Property was subject to a Note executed by Jennings Cole on July 26, 2008, in the amount of $54,400.00 payable to JP Morgan Chase Bank, N.A. (Trial Ex. 18 at 2.) The Note was secured by the Property pursuant to a Deed of Trust executed by Jennings Cole and his wife, Emma Cole. (*See id.*) The Deed of Trust provided, in pertinent part:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted.

(*Id.* at 4.) JP Morgan Chase Bank, N.A. transferred servicing of the mortgage loan on the Property ("Loan") to Seterus, Inc. ("Seterus"), and then Seterus transferred servicing of the Loan to Nationstar on March 1, 2019. (Trial Ex. 9.) Plaintiff fell behind on the Property's mortgage payments throughout the life of the Loan. (*See* Trial. Tr. at 49, ¶¶ 3–9.)

The original Loan was modified in 2016 when Plaintiff executed a loan modification with Seterus. (*Id.* at 82, ¶¶ 5–9.) Plaintiff then requested further assistance from Seterus with the Loan, and Seterus acknowledged this request in correspondence sent to Plaintiff on January 14, 2019, January 21, 2019, and January 22, 2019. (ECF No. 52-1 at 49–51.) Plaintiff applied for another modification. (Trial Tr. at 26–27.) On January 17, 2019, Seterus sent correspondence to Plaintiff advising that the application was complete. (*Id.* at 52.) Seterus then sent correspondence on January 31, 2019, advising Plaintiff that it had been notified of a possible successor-in-interest and/or estate contact for the Property and advising her that it required additional documents in order to prove successor-in-interest status. (Trial Ex. 6.) Ultimately, Seterus did not confirm the

2

modification because Plaintiff had not been confirmed as successor-in-interest. (Trial Tr. at 65, ¶¶ 21–24.)

Plaintiff again applied for a loan modification in March 2019, but this modification was denied. (*See id.*) Plaintiff spoke with a Nationstar representative on May 17, 2019, about the denial and indicated that she wished to reapply for a modification but was advised that she would have to reinstate the mortgage loan in order to do so. (*See* Blunt Aff., ECF No. 52-1 at ¶ 17.) Nationstar then sent a default letter to the Estate of Jennings Cole on May 31, 2019, advising that the loan had been in default since August 1, 2018, and requesting payment. (Trial Ex. 16.) The Loan remained in default until the August 2019 foreclosure. (Trial Tr. at 63, ¶¶ 5–12.)

Plaintiff submitted at least one additional request for mortgage assistance after the March 2019 modification application. In response, Nationstar sent correspondence to Plaintiff on May 17, 2019, acknowledging receipt of the request and detailing the required documents it needed to process the request. (Trial Ex. 11.) Nationstar then followed up with correspondence to Plaintiff on June 17, 2019, stating again that it could not confirm that she was the successor-in-interest on the Loan due to the missing documents. (Trial Ex. 13.) On July 24, 2019, Nationstar sent further correspondence advising Plaintiff that it was still missing the documents necessary to process her request for loan assistance. (Trial Ex. 15.)

Nationstar sent another foreclosure notification letter to Plaintiff on July 9, 2019. The Appointment of Substitute Trustee was recorded on May 31, 2019, and notices of foreclosure were published on July 12, 2019, July 19, 2019, and July 26, 2019.

The quitclaim deed that quitclaimed Jennings Cole's interest in the Property to Plaintiff was not executed until after Jennings Cole had died. (Trial Ex. 17.) Plaintiff was in default on the mortgage as of the August 2019 foreclosure. (Trial Tr. at 52, ¶¶ 17–19.)

**FINDINGS OF LAW**

The question raised by Plaintiff is whether Defendant wrongfully foreclosed on the Property located at 181 Adair Road Jackson, Tennessee 38305.[1] The problem for Plaintiff is straightforward: At trial, Plaintiff did not establish that she had demonstrated her status as the successor in interest ("SII") prior to the foreclosure on the Property. To complete her 2019 loan modification application, Plaintiff was required to demonstrate SII status. *See Knott v. Ocwen Loan Servicing, LLC*, 2018 WL 3997825, at *3 (E.D. Mich. Aug. 20, 2018) (citing 12 C.F.R. § 1024.41.). On this point, Plaintiff presented evidence that her name was on the deed of trust and that she had made mortgage payments to Seterus. (Trial Tr. at 59, ¶¶ 9–13; *Id.* at 94, ¶¶ 14–21.) However, the deed of trust and proof of mortgage payments were deemed insufficient to show that Plaintiff was the SII. (*See* Trial Ex. 6–7, 12–15.) To confirm SII status, Nationstar asked Plaintiff to provide a specific set of documents. (*Id.*; Trial Tr. at 27–45.) At trial, Mr. Alan Blunt, a representative of Nationstar, testified that Nationstar never received the necessary SII documentation despite repeatedly asking Plaintiff to produce the documents. (Trial Tr. at 65, ¶¶ 21–24.) As an additional response, Plaintiff stated that the Property had been in her family for years and that she had inherited the Property from her parents, but this was also insufficient to show that she had proven SII status before the foreclosure. (*Id.* at 53, ¶¶ 21–24.) To receive a loan modification, Plaintiff was obligated to provide the documents requested by Nationstar, but Plaintiff did not provide the correct documents.[2] (*See* Ex. 6–7, 12–15; Trial Tr. at 27–45. *See also*

---

[1] Although Nationstar contested Plaintiff's standing to sue under RESPA in its Motion to Dismiss, Nationstar did not do so at the summary judgment stage or at trial. Consequently, the Court takes the position of the Magistrate Judge's Report and Recommendation on the Motion to Dismiss (ECF No. 17) and finds that Plaintiff qualifies as a "borrower" under RESPA and has statutory standing to sue under RESPA. *See Keen v. Helson*, 930 F.3d 799, 802 (6th Cir. 2019).
[2] At trial, Plaintiff appeared to believe that she had already won her claims because two of her claims survived Defendant's Motion for Summary Judgment. However, this belief was mistaken.

12 C.F.R. § 1024.38(b)(1)(vi) (mandating that loan servicers communicate to borrowers the documents needed to complete a loan modification application)).

Further, Plaintiff pointed to her 2016 loan modification with Seterus, the previous loan servicer, to show that she had established SII status. (Trial Tr. at 29, ¶¶ 13–19.) However, Plaintiff did not provide any evidence at trial to show that Nationstar had received or otherwise acquired the necessary SII documentation from Seterus. In fact, Mr. Blunt, testified that Nationstar was unable to obtain information from Seterus that could have established Plaintiff as the SII. (*Id.* at 65, ¶¶ 15–18.) Thus, there are at least a couple reasons why the 2016 modification was insufficient to establish Plaintiff as the SII prior to foreclosure. First, the 2016 modification might not have required SII information, which would explain why Nationstar never received SII documents from Seterus. At trial, Plaintiff never accounted for this possibility. And second, Plaintiff was unable to rebut Mr. Blunt's statements that Nationstar did not receive SII information from Seterus even though Nationstar attempted to acquire the documentation from Seterus. (*Id.* at 64–65.)

Notably, Plaintiff claimed that, irrespective of whether she provided the necessary SII documentation or alternatively, as further evidence that she established her status as the SII, Seterus approved her application for a loan modification in 2019. (Trial Tr. at 35, ¶¶ 3–8.) To show that she received a modification in 2019, Plaintiff provided an escrow statement that

---

Surviving summary judgment is not the same as winning claims at trial. In the summary judgment stage, the burden is on the Defendant to show that there is no "genuine dispute as to any material fact." Fed. R. Civ. P. 56. Plaintiff successfully showed that there were some disputes regarding certain material facts. In other words, it was unclear whether Plaintiff had established SII status prior to the foreclosure on the Property. Thus, the Court did not dismiss Plaintiff's claims. But at trial, the burden shifted, and Plaintiff was required to prove a violation of RESPA and breach of contract by a preponderance of evidence. In short, Plaintiff had to show that, more likely than not, Nationstar had violated RESPA and breached its contract with Plaintiff. Plaintiff failed to show that she had established SII status prior to the foreclosure of the Property, which was necessary to show a violation of RESPA and breach of contract. Therefore, Plaintiff did not carry her burden of proof. As a result, the Court cannot find in her favor.

indicated a deficiency in her escrow account. (*See* Trial Ex. 3.) Apparently, Plaintiff mistook the escrow statement to mean that she could escape foreclosure on the Property by paying the deficiency in the escrow account. (Trial Tr. at 47, ¶¶ 6–11.) However, the escrow statement did not prove that she had received a loan modification or establish her as the SII. (*Id.* at 48, ¶¶ 11–22.) To this point, Mr. Blunt had the following exchange with Nationstar's counsel:

> Q. Was that—did that [escrow statement] represent any type [of] modification agreement?
> A. No. [A] Modification agreement is a completely separate document.
> Q. Did that letter have any sort of bearing on successor in interest determination?
> A. No. This is simply a[n] escrow review statement relating specifically to the escrow, amount in the customer escrow account.

(*Id.* at 67, ¶¶ 7–15.) The Court credits Mr. Blunt's testimony regarding the escrow statement as accurate, and a review of the escrow statement (Trial Ex. 3) further confirms his perspective.

Ultimately, Plaintiff was unable to provide any additional evidence that proved that she had received a modification of her loan in 2019. Consequently, the Court finds that Plaintiff never received a loan modification after her 2016 modification with Seterus. Thus, given that Plaintiff neglected to make payments on her loan from August 1, 2018 until the foreclosure on August 15, 2019, Nationstar was justified in finding that Plaintiff had failed to remedy the default. (Trial Tr. at 63, ¶¶ 5–12.) Therefore, the foreclosure on the home was also justified.

## CONCLUSION

Unfortunately, Plaintiff did not hold up her end of the bargain. A deed of trust creates mutual obligations where a creditor provides funds to a borrower in exchange for repayment and an interest in the property as collateral. As with all contracts, there are consequences for breaching a home loan agreement. In this case, Plaintiff failed to make payments on the loan, and she did not receive a loan modification prior to the foreclosure on the Property. Thus, Plaintiff is not entitled to recover her former home. Despite consumer protection statutes that attempt to shield

6

homeowners, the law has its limits. Loans must be paid, and the Court cannot excuse a failure to pay when the law provides no grounds for relief.

Therefore, for the reasons stated above, the Court finds that Plaintiff did not carry her burden of proof at trial and directs the Clerk of the Court to enter a judgment in favor of Defendants.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: June 22, 2022.